NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY PAUL OLMOS, | No. 14-15406 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02564-GMS |
| v. | |
| CHARLES L. RYAN; ALLEN ORTEGA, Co II/SSU Officer #2083, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Timothy Paul Olmos appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his conditions of confinement.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo summary judgment and dismissal under Fed. R. Civ. P. 12(b)(6). *Doe v. Abbott Labs*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly concluded that Olmos failed to exhaust his claims regarding charges for certain services and items, interest payments for his prisoner bank account, and prison mail policies, and failed to establish that administrative remedies were effectively unavailable to him. *See Sapp v. Kimbrell*, 623 F.3d 813, 821-24 (9th Cir. 2010) (discussing proper exhaustion and describing limited circumstances where improper screening renders administrative remedies unavailable).

The district court properly granted summary judgment on Olmos' claims regarding overcrowding, insufficient food, charges for certain services and items, and compensation as an educational aide on the basis of qualified immunity because it would not have been clear to every reasonable prison official that defendant's actions were unlawful. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (explaining two-part test for qualified immunity).

The district court properly dismissed Olmos' takings claim regarding the return of inmate-purchased clothing as unripe because it is not yet fit for judicial review and the hardship to Olmos has not yet occurred. *See Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007) (elements of

prudential ripeness).

The district court properly granted summary judgment on Olmos' retaliation claim because Olmos failed to raise a genuine dispute of material fact as to whether the adverse action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of inmate retaliation claim).

The district court properly granted summary judgment on Olmos' claim regarding compensation as a kitchen worker because Olmos failed to raise a genuine dispute of material fact as to whether the position was classified to be paid at a higher wage. *See* Ariz. Rev. Stat. § 31-254(A) (granting the director discretion to determine prison worker's compensation).

The district court did not abuse its discretion in denying Olmos' motion to amend his complaint because Olmos had not yet served defendants and he was given subsequent opportunities to amend his complaint. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review and requirements for leave to amend).

The district court did not abuse its discretion in denying Olmos' motions for discovery because Olmos failed to show what material facts would have been discovered that would have precluded summary judgment. *See Klingele v.*

14-15406

*Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment.").

The district court did not abuse its discretion in denying Olmos' motion to appoint counsel because Olmos did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellees' motion to strike Olmos' appendix, filed on June 20, 2014, is denied as moot.

**AFFIRMED.**

14-15406